## OVERTON ET AL. *vs.* CURD & RUSSELL.

1. Where a party promises to pay a certain sum "in consideration of their (the promisees) assuming debts of W. W." to the amount of said sum, the assumption of the debts is not a condition precedent to the payment of the money. The promise is absolute and unconditional.

2. Where no time is fixed for the performance of that which is the consideration of the promise, the promise will be considered unconditional.

### APPEAL from Callaway Circuit Court.

TODD, *for Appellants.*

1. The general demurrer should have been sustained.
2. The action was misconceived, and should have been assumpsit.
3. Because the averments made do not show any cause of action.
4. The declaration contains no cause of action.
5. No judgment can be rendered on the declaration.
6. No action of debt will lie on the contract declared on.

LEONARD, *for Appellees.*

1. The leave to plead was not leave to demur specially, and, therefore, the special demurrer was properly rejected.

2. Admitting the defendants ought to have been allowed the benefit of their special causes of demurrer, yet the only excuse assigned, of which they could not have availed themselves upon the general demurrer, was the want of profert, and as the defendants afterwards craved, and had oyer and set out the instrument. This error, if error it were, was cured by these subsequent proceedings.

3. The instrument sued on is valid *propria vigore,* and needs no consideration to uphold the promise it contains.

4. The assumption of Woodson's debts is not a condition precedent to the plaintiffs' right to recovery.

5. Either debt or assumpsit was maintainable upon the instrument executed by the defendants.

TOMPKINS, *Judge, delivered the opinion of the Court.*

Isaac Curd and William Henry Russell brought their action of debt in the Circuit Court of Callaway county, against Reuben B. Overton and other persons; and recovered judgment against them, to reverse which, this writ of error is prosecuted.

This suit was brought, on an instrument of writing, in these words:—"Twelve months after date we promise to pay to Dr. Isaac Curd, and Colonel Wm. Henry

Russell, the sum of two hundred and thirty dollars, in consideration of their assuming debts of Warren Woodson, of the said amount of two hundred and thirty dollars."

This declaration in debt is in the common form, and it is demurred to generally. In support of the demurrer, it is insisted that the assumption of the debts of Warren Woodson was a condition precedent to the payment of the money sued for, and should have been averred in the declaration, (which was not done) and that the names of the defendants being all subscribed on the left-hand side of the paper on which the note was written, and two black lines being drawn on the right-hand side of those names, betwixt which was written "proportion paid," it was thence obvious that it was intended by this writing that each defendant was bound to pay one-tenth part only of the whole sum of $230. Therefore, the action should have been assumpsit. In Pordage *vs.* Cole, 1 Saunders, 320, note 1, it is said, that if a day be appointed for the payment of money, or part of it, or for doing any other act, and the day is to happen, or may happen, before the thing which is the consideration of the purchase money, or other act, is to be performed, an action may be brought for the money, or for not doing such other act before performance; for it appears that the party relied upon his remedy, and did not intend to make the performance a condition precedent: and so it is where no time is fixed for the performance of that which is the consideration of the money or other act. The promise to pay this money, then, is absolute and unconditional, and there is no necessity for an averment, in this declaration, that the plaintiffs had assumed debts of Warren Woodson, to the amount of $230, in order to entitle themselves to recover. If that averment had been necessary, it is not obvious to me that the action should therefore have been in form assumpsit, and the defendant having produced no authorities to sustain his point, I shall pass it over. We must ascertain from the face of the writing itself, that is, from the words, what is its meaning—not from the black lines drawn on the right hand of the names.

The judgment of the Circuit Court is affirmed.